# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| **MARIA RODRIGUEZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:17-cv-334** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY  INSURANCE COMPANY** | § | |
| **AND RODNEY BROWN** | § | |
| *Defendants.* | § | |

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND RODNEY BROWN'S NOTICE OF REMOVAL

Defendants, Allstate Vehicle and Property Insurance Company ("Allstate") and Rodney Brown ("Brown"), hereby remove this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1441, and would respectfully shows the Court as follows:

### I.
#### BACKGROUND

1.      On July 13, 2017, Plaintiff filed her Original Petition in the 206th Judicial District Court of Hidalgo County, Texas, Cause Number C-3146-17, styled *Maria Rodriguez v. Allstate Vehicle and Property Insurance Company and Rodney Brown. See* Exhibit A (Original Petition).

2.      Plaintiff's lawsuit against Allstate and Brown arises from property damage to her home alleged to be caused by a wind and hail storm occurring on May 31, 2016.  *Id.*

3.      Plaintiff affirmatively pleads for relief "over $100,000 but no more than $2,000,000." *Id.*, p.14.

4.      Plaintiff served Allstate with Plaintiff's Original Petition and process on August 10, 2017, by certified mail on its registered agent. *See* Exhibit B.

5.      Plaintiff served Brown with Plaintiff's Original Petition and process on or about August 7, 2017, by certified mail on his residence.

6.      As against Allstate, Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code, and breach of common law duty of good faith. *See* Exhibit A, pp. 6-8.

7.      As against Brown, Plaintiff asserts causes of action for violations of various sections of Chapter 541 of the Texas Insurance Code. *Id.,* pp. 8-10.

8.      Defendants did not file an answer in State Court.

9.      The State Court's Record Search including Case History for this matter is attached herein. *See* Exhibit C.

## II.
### GROUNDS FOR REMOVAL

10.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states.  Defendants assert that BROWN was improperly joined in this action and that Plaintiff has not pleaded facts sufficient to state a plausible cause of action against Brown. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

A.      **Diversity in Citizenship**

11.     Plaintiff, Maria Rodriguez, is a natural person who resides in Hidalgo County, Texas. *See* Exhibit A, ¶ 2.  Plaintiff has not pled any other facts of residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendants assert that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

12.     Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois corporation with its principle place of business in Northbrook, Cook County, in the State of Illinois. Defendant is thus a citizen of the State of Illinois.

13.     Defendant Brown is an insurance adjuster licensed by the State of Texas and is a Texas resident. However, Brown has been improperly joined in this action solely to defeat diversity jurisdiction. His residency should therefore be disregarded for purposes of evaluating diversity in this matter.

**B.      Improper Joinder of Defendant Brown**

      **(i)  Legal Standard**

14.     The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

15.     The removing party bears the burden of establishing whether federal jurisdiction exists and removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  To meet this burden, the removing party must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).

16.     To determine that an in-state defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (2) the plaintiff has failed to state a claim against the non-diverse defendant. *Smallwood,* 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply

{00373671}                                    {00373671}                                                    3

the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).

17.     The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573. The analysis requires the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

18.     Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678-79. Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id.,* at 679. A pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* Plausibility requires more than a mere possibility. It calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct. *Twombly,* 550 U.S. at 565.

19.     In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyds,* No. H-11-2376, 2010 WL 103678 at *7 (S.D. Tex. March 27, 2012) (citing string of Southern District cases).

**(ii) Plaintiff Fails to State a Plausible Claim Against Defendant Brown**

20.     Here, applying the *Twombly* and *Iqbal* analysis, Plaintiff's Original Petition fails to state a plausible claim against Defendant Brown under the federal pleading standard. As shown below, Plaintiff's claims consist of conclusory allegations couched as "facts", allegations sounding in fraud and misrepresentation that do not meet the pleading standard of Rule 9(b), and claims which do not apply to individual adjuster defendants.

### a. *Plaintiff's Causes of Action Against Brown*

21.     The causes of action against Brown arise from the Texas Insurance Code.  Specifically, Plaintiff states Brown violated Sections 542.003(b)(5)[1] and 541.060 of the Texas Insurance Code. *Id.*, p. 8.

22.     With regards to Plaintiff's Section 541.060 claim, Plaintiff does not cite to any specific subpart; however, Plaintiff's allegations track the language of subparts (a)(1), (2)(A), (2)(B), (3), (4)(A), and (7).  Specifically, Plaintiff asserts that Brown violated the code by:

- misrepresenting one or more materials facts and/or policy provisions related to coverage;[2]

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;[3]

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;[4]

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;[5]

---

[1] Prohibiting "compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder;" TEX. INS. CODE § 542.003(b). *See also* 28 TEX. ADMIN. CODE § 21.203(5)(same).
[2] *See* TEX. INS. CODE § 541.060 (a)(1).
[3] *See Id.,* at (2)(A).
[4] *See Id.,* at (2)(B).
[5] *See Id.,* at (3).

- refusing to affirm or deny coverage within a reasonable time;[6]

- refusing to conduct a reasonable investigation;[7]

Exhibit A, p. 8.

### b. *Plaintiff's Allegations Against Brown*

23.     In Plaintiff's "Facts" section of her Original Petition, the only reference to Brown

(referred to as "Adjuster Defendant" therein), is as follows:

> "Specifically, INSURANCE DEFENDANT refused to pay the full
> proceeds of the Policy after its agent, ADJUSTER DEFENDANT
> conducted an outcome-oriented investigation, although due demand was
> made for proceeds to be paid in an amount sufficient to cover the damaged
> property…"

Exhibit A, p. 3.

24.     The remaining allegations against Brown are found under "Causes of Action Against

Adjuster Defendant", wherein Plaintiff asserts the following in support of her claims:

> "During the inspection, ADJUSTER DEFENDANT ignored covered
> damages to the Property and refused to address all of the damages caused
> by the loss. Specifically, BROWN ignored covered damages including but
> not limited to the roof, flashing, fascia, wood fence and gate, interior main
> entrance, dining room, kitchen, hallway, and bedroom."

> "Subsequent to the inspection, ADJUSTER DEFENDANT prepared a
> repair estimate, completed on or about March 23, 2017, which vastly
> under-scoped the actual covered damages to the property, thus
> demonstrating ADJUSTER DEFENDANT did not conduct a thorough
> investigation of the claim."

> "Despite having been assigned the claim, and despite being given
> authority and instructions to inspect, adjust and evaluate the claim, the
> ADJUSTER DEFENDANT failed and refused to properly adjust the
> claim."

---

[6] *See Id.,* at (4)(A).
[7] *See Id.,* at (7).

"The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages."

"The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim."

"The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate producing cause of damages to the Plaintiff."

"Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them."

Exhibit A, pp. 9-10.

### c. *Legal Conclusions Couched As Allegations*

25.   The allegations against Brown consist of speculative and conclusory allegations, unwarranted deductions, and legal conclusions. *See Id.* That is, Plaintiff generally complains about Brown's investigation, valuation, and partial denial of the claim, but does not provide any facts explaining how such actions were improper, incorrect, or wrongful. *See Id.* The only arguably substantive allegation is that Brown "ignored covered damages including but not limited to the roof, flashing, fascia, wood fence and gate, interior main entrance, dining room, kitchen, hallway, and bedroom." However, without additional information – such allegation is merely speculative, presumptive, and conclusory.

26.     Stated another way, Plaintiff does not give any details of Brown's alleged estimate, or any information to support Plaintiff's presumption that he "ignored" damages, or to support the conclusion that such damages were "covered". This thin and speculative allegation is not sufficient to support Plaintiff's claims against Brown. "Factual allegations must be enough to raise a light to relief above the speculative level." *Papasan v. Allian*, 478 U.S. 265, 286 (1986). As such, these allegations do not form the basis for an independent cause of action against Brown.

27.     Plaintiff's allegations are similar to those considered by this Court in *Tommaso v. State Farm Lloyds*, No. 7:15-CV-00274, 2016 WL 6883042, *3 (S.D. Tex. Sept. 28, 2016). In *Tommaso*, plaintiff asserted causes of action under the Texas Insurance Code and DTPA alleging the adjuster "inspected [Plaintiff's] property, but failed to inform [Plaintiff] of material facts, such as the true scope of damage and cost to repair areas of [Plaintiff's] property, including ... *the roof, interior walls, trim and windows*." *Id.* (emphasis added). The plaintiff also alleged the adjuster "intentionally ignored damages to the property." *Id.* The court in *Tommaso* found the plaintiff failed to state any claims upon which relief could be granted against the adjuster defendant and dismissed the adjuster without prejudice because he was improperly joined. *Id.*, at *1.[8]

### d.   Failure to Plead Sufficient Facts

28.     Plaintiff's claims asserted against Brown result from his alleged substandard investigation and undervaluing of the claim. *See Exhibit A*, p. 9.   Similarly to the instant case, in *Dalton v. State Farm Lloyd's, Inc.,* the plaintiff's allegations against the adjuster were of

---

[8] The Southern District of Texas has found improper joinder in various other cases with similar allegations. *See e.g., Barclay v. State Farm Lloyds,* No. H-14-3649, 2015 WL 1408185 (S.D. Tex. Mar. 26, 2015); *Okenkpu*, 2010 WL 103678 at *7; *Centro Cristiano Cosecha Final, Inc., v. Ohio Cas. Ins. Co.,* H-10-1846, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011).

"insufficient investigation and undervaluing the claim." No. CIV.A. H-12-3004, 2013 WL 3157532 at *6 (S.D. Tex. June, 19, 2013). In holding plaintiff had not alleged facts sufficient to state a cause of action against the adjuster, the court noted that Plaintiff identified no specific misrepresentations made by the adjuster, and that the claims against the adjuster were identical to those against the insurer. *Id.* at *7.   In this matter, the Plaintiff has not identified specific misrepresentations that were made by Brown. In addition, the claims asserted against Brown are identical to those asserted against Allstate. *See* Exhibit A, *generally.*   As such, Plaintiff has failed to allege facts sufficient to state a cause of action against Brown.

### e. *Allegations Track Statutory Language*

29.     The majority of Plaintiff's allegations simply track the statutory language of Section 541.060 of the Texas Insurance Code without alleging any case-specific-facts. *See Id.,* at pp. 8-10.   Such bare-bones recitation of the statutes has consistently been held by this Court to be insufficient to state a claim. *See Elizondo v. Great Lakes Ins. SE,* No. 7:17-CV-36, 2017 WL 1318454 at *2 (S.D. Tex. April 10, 2017) (stating "such allegations are conclusory and will be ignored because they are not entitled to the assumption of truth."); *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London,* No. 2016 WL 4494439, *4 (S.D. Tex. Aug. 28, 2016) (stating plaintiff's "formulaic recitation of the statutory language is insufficient to fulfill its obligation to provide the grounds on which it is entitled to relief."); *Young v. Travelers Personal Security Ins. Co.,* No. 4:16-CV-235, 2016 WL 4208566, *1–2 (S.D. Tex. Aug. 10, 2016) (same); *Johnson v. Travelers Home & Marine Ins. Co.,* No. H-16-449, 2016 WL 4061146, *3 (S.D. Tex. July 29, 2016) (same).

### f. *Allegations Fail to Satisfy Rule 9(b) Pleading Standard*

30.     In addition to the foregoing, Plaintiff's claims against Defendants sounding in fraud and misrepresentation fail to state facts sufficient to support such claims under Federal Rule of Civil Procedure 9(b). *See Id., generally.* As shown above, Plaintiff alleges that Brown misrepresented "one or more material facts and/or policy provisions relating to coverage," but does not identify what damages were misrepresented, who made the alleged misrepresentation, to whom the misrepresentation was made, or how Plaintiff relied upon the misrepresentation. *Id.,* p. 8. Plaintiff, further asserts "[w]here statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them", but does not purport to identify any such statements. *Id.,* p. 10.

31.     Accordingly, these allegations fall short of the heightened pleading requirements of Rule 9(b). *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *See Dorsey v. Portfolio Equities, Inc.,* 540 F.3 333, 339 (5th Cir. 2008) (to satisfy Rule 9(b), a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.").

32.     In *Lopez v. Allstate Vehicle and Property Ins. Co.,* the plaintiff made similar allegations against the individual adjuster. 2017 WL 1233831, No. 4:17-CV-00103, *4 (E.D. Tex. April 4, 2017)(alleging fraudulent and negligent misrepresentations regarding the amount of damage to plaintiff's property and regarding why policy would not cover certain damage). The court held that the plaintiffs failed to state a plausible claim, noting that "[g]eneral allegations that [adjuster's] investigation caused Plaintiff's harm because it resulted in an underevaluation of the claims is not sufficient because there are no factual allegations of independent conduct on [adjuster's] part, which caused Plaintiffs any harm." *Id.*

2e0df3619ff200e1

### g. *Provisions Inapplicable to Individual Adjusters*

33.    In addition to the foregoing, Plaintiff's causes of action pursuant to Sections 541.060(a)(2)(A), (3), and (4) further fail to survive the Rule 12(b)(6) standard because this Court has found that such sections only apply to insurers. *See Vallejo v. Allstate Vehicle and Prop. Ins. Co.,* No. 7:17-CV-94, 2017 WL 2240796, \*3 (citing *Lopez v. United Property & Casualty Ins. Co.,* 197 F.Supp.3d 944, 950 (S.D. Tex. July 11, 2016); *Tommaso v. State Farm Lloyds,* 2016 WL 6883042, No. 7:15-CV-00274, \*5 (S.D. Tex., Sept. 28., 2016) (stating section 541.060(a)(2)(A) is "categorically inapplicable to individual adjusters.")

34.    Based on each of the foregoing reasons, Plaintiff's pleading fails to state a plausible cause of action against Brown.

### C.    Amount in Controversy

35.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).   The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

36.    Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff's affirmatively states that "Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00." Exhibit A, p. 14.

37.    Based on the foregoing, the amount in controversy exceeds $75,000.00.

## III.
### REMOVAL IS PROCEDURALLY PROPER

38.     This notice of removal is timely filed within thirty (30) days after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

39.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Hidalgo County, Texas, the place where the State Court suit was filed.

40.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

41.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Hidalgo County District Court.

## IV.
### ATTACHMENTS

42.     Pursuant to 28 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendants include with their notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet
- Exhibit A:     Plaintiff's Original Petition
- Exhibit B:     Executed process to Allstate and to Brown
- Exhibit C:     State court docket sheet
- Exhibit D:     Index of matters being filed
- Exhibit E:     List of all counsel of record

WHEREFORE, Defendants Allstate Vehicle and Property Insurance Company and Rodney Brown request that the Court accept jurisdiction over this case against them for the

reasons set forth above, and grant Defendants any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: /s/ Robert E. Valdez
    **Robert E. Valdez**
    State Bar No.20428100
    S.D. Tex. Bar No. 9816
    revaldez@valdeztrevino.com

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

*Attorney for Defendant Allstate Vehicle and*
*Property Insurance Company and Rodney*
*Brown*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on September 5, 2017, in the manners prescribed below:

Courtney Potter                                        *Via Facsimile: (713) 621-5900*
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Ste. 302
San Antonio, Texas 78232
*Counsel for Plaintiff*

/s/ Robert E. Valdez
Robert E. Valdez

{00373671}                {00373671}                13